[No. 4483.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION v. JAMES P. ANGLIM.

**Attorneys at Law—District Attorneys—Corruption in Office—Disbarment.**

An attorney at law who, while filling the office of district

attorney, accepted from gamblers and saloon keepers money in consideration for refraining from prosecuting them, and who refused to prosecute a larceny case unless the prosecuting witness would pay him a sum of money therefor, will be disbarred and his name stricken from the roll of attorneys of the state.

*Original Proceeding in Disbarment.*

The ATTORNEY GENERAL and Mr. H. N. HAYNES, for petitioner.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Upon the relation of The Colorado Bar Association, the attorney general, on April 11, 1902, filed in this court an information, consisting of six separate and distinct causes of complaint, each of which contains grave and serious charges of misconduct against James P. Anglim, an attorney of this court, who, at the times stated, was the duly elected and acting district attorney of the sixth judicial district of Colorado. Upon the filing of the information a rule upon respondent to show cause was issued, requiring him, within thirty days after service upon him of a copy of the rule and the information, to show cause why his name should not be stricken from the roll of attorneys in this state. Though personal service was had upon respondent, neither within the time so designated, nor at all, has he appeared, or in any way responded. For his failure in this respect, his default was duly entered, and the cause referred to a referee, who proceeded to take the evidence submitted by the relator, which has been filed with the clerk.

The evidence is entirely directed to the charges contained in the second and third causes of complaint. Briefly stated, the second cause charges that Anglim, while acting as district attorney, unlawfully and cor-

ruptly demanded of, and received from, divers persons who were then engaged in conducting saloons and gambling places in the city of Durango in the county of La Plata, and in Silverton in the county of San Juan, which were within his judicial district, the sum of one thousand dollars, in consideration of which he made, and kept, the promise not to prosecute, or permit any other persons to prosecute, them for violations of the public laws of the state pertaining to the business which they were then conducting. The third cause of complaint in substance charges that respondent, as such district attorney, unlawfully and corruptly declined and refused to prosecute Ernest Chambers and Joseph Chambers, who were then charged, upon information, with the crime of grand larceny in the district court of Archuleta county, which was within his judicial district.

Both of these reprehensible, scandalous and criminal charges were abundantly proved at the trial. The evidence is uncontradicted that gamblers and keepers of saloons in the cities of Durango and Silverton paid to respondent large sums of money to prevent the further prosecution of causes already pending against them in the district court, and from the bringing of similar actions against them; and it is likewise clear that he refused to prosecute the larceny case mentioned in the third cause of complaint, unless the prosecuting witness would advance him a large sum of money therefor, and upon the refusal of the witness to comply with this demand, prosecution was withheld so long as respondent was in office.

When these charges were first preferred against respondent, he at once handed in his resignation as district attorney to the proper district court, which was accepted. This may be, as asserted, some evi-

dence of guilt. However that may be, the evidence so clearly establishes his guilty conduct that the court must grant the prayer of the information. It clearly appearing that the second and third causes of complaint have been proved, the finding of the court in accordance therewith is that the respondent has been guilty of the misconduct therein alleged. The judgment of the court, therefore, is that his name be stricken from the Roll of Attorneys of this state.